UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| YOUSEF ZIYADI,<br><br>              *Plaintiff,*<br><br>         v.<br><br>DESERVE INC.; TRANS UNION, LLC; EQUIFAX INFORMATION SERVICES, LLC; and EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>              *Defendants.* | Civil Action No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Yousef Ziyadi, Plaintiff herein, by his attorneys, alleges and complains of Defendants as follows:

**PRELIMINARY STATEMENT**

1. Yousef Ziyadi ("Plaintiff" or "Mr. Ziyadi") is a victim of unlawful credit practices in connection with his credit agreement with Deserve Inc. ("Deserve") and its reporting of erroneous information to national credit reporting agencies: Trans Union, LLC ("Trans Union"), Equifax Information Services, LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian") (collectively, "Defendants").

2. Defendant Deserve failed to send Mr. Ziyadi's bills to the correct address, thereby making "billing errors" under the Truth in Lending Act (TILA) and Fair Credit Billing Act (FCBA).

3. Deserve then furnished information, based on "billing errors," to Trans Union, Equifax, and Experian.

4. Although Mr. Ziyadi contacted Deserve, expressed his willingness to pay the balance due, and notified Deserve that the information was furnished based on "billing errors," Deserve dismissed Mr. Ziyadi's notification, took no measures to correct the error and furnished

1

the incorrect information to Trans Union, Equifax, and Experian.

5. Mr. Ziyadi notified Trans Union, Equifax, and Experian of the error in his billing information. He demanded that they correct his credit score accordingly, but Trans Union, Equifax, and Experian failed to conduct a reasonable investigation regarding Mr. Ziyadi's notification.

6. As a result of Deserve, Trans Union, Equifax, and Experian's actions and inactions, Mr. Ziyadi suffered damages as his credit score plummeted.

7. This is an action for actual, statutory, treble, and punitive damages, declaratory relief, injunctive relief, and statutory attorney's fees and costs brought pursuant to the TILA and FCRA.

**JURISDICTION AND VENUE**

8. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681 and 28 U.S.C. § 1331.

9. Defendants are subject to personal jurisdiction in the District of Maryland by virtue of the business that Defendants have conducted within Maryland.  Accordingly, the District of Maryland is a proper venue in accordance with 28 U.S.C. § 1391(c)(2).

**PARTIES**

10. Plaintiff is a natural person and citizen of Maryland.

11. Plaintiff is an individual and "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

12.  Trans Union is a Delaware limited liability company duly authorized and qualified to do business in the State of Maryland.

13. Equifax is a Georgia limited liability company duly authorized and qualified to do business in the State of Maryland.

14. Experian is an Irish limited liability company duly authorized and qualified to do business in the State of Maryland.

15. Trans Union, Equifax, and Experian are "consumer reporting agencies" within the meaning of the FCRA (15 U.S.C. § 1681a(f)).

16. Deserve is a California corporation duly qualified to do business in Maryland.

17. Deserve is a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2, *et seq*).

**FACTS**

18. In 2019, Mr. Ziyadi opened a credit account with Deserve using his then current address in Maryland, where he lived with his parents. His Maryland address continues to be his permanent residence.

19. In July 2022, Mr. Ziyadi began attending law school in Pennsylvania. He updated his Deserve credit card account address to reflect his new billing address.

20. In the summer of 2022, Mr. Ziyadi noticed he was not able to log in to his online account with Deserve when he tried to pay his credit card bills. Mr. Ziyadi did not receive any billing notices addressed to him at either his Pennsylvania or Maryland address.

21. Subsequently, Mr. Ziyadi attempted to call Deserve's customer service multiple times to inquire about and pay his credit card balance. However, he was unable to get through because Deserve's phone system did not recognize him as a Deserve credit card holder.

22. Concerned about his credit score and his inability to pay his bills, and his utter inability to access the Deserve system, Mr. Ziyadi contacted Deserve's chief executive officer, Kalpesh Kapadia.

23. After a while, Deserve's agent, Zack, called Mr. Ziyadi back. The agent told Mr. Ziyadi that Deserve could not help him as Deserve had no record of his attempts to pay the balance.

24. Mr. Ziyadi explained that he could not access his online account, and his attempts to pay through the phone were unsuccessful, as Deserve's phone system did not recognize him as a consumer. However, the agent dismissed his explanation.

25. In the conversation with Mr. Ziyadi, the agent admitted that Deserve had entered Mr. Ziyadi's address incorrectly due to its own clerical error.

26. On April 10, Mr. Ziyadi filed a complaint with the Better Business Bureau ("BBB") and reported Deserve's errors and misconduct. (The complaint was filed under the name Joseph Adams, the former name of Mr. Ziyadi).

27. After Mr. Ziyadi filed a complaint with BBB, in apparent retaliation, Deserve discharged his account. As a result, his credit reports reflect that his account was closed due to non-payment. At all times, Mr. Ziyadi was willing to pay his account balance, provided that the erroneous credit reports made as a result of Deserve's billing error were corrected.

28. Throughout this entire period, Deserve never mailed any statement or notice to either his mailing address in Pennsylvania or Maryland.

29. On July 25, 2023, Mr. Ziyadi notified Trans Union, Equifax, and Experian of Deserve's errors and misconduct and requested they correct his credit score. However, no investigation of the dispute has been conducted, and his request has been dismissed.

30. After Mr. Ziyadi's credit score plummeted, he himself was not able to take any loans or finance any items he was interested in purchasing, such as a computer, Apple products, a car, or an apartment lease.

31. It is probable that Mr. Ziyadi's poor credit score and the negative reports from credit bureaus such as Trans Union, Equifax, and Experian will have a significant impact on his prospects of finding employment in the legal field and even hinder his chances of being admitted to the bar.

32. As a result of the Defendants' violations of TILA and FCRA, Plaintiff suffered actual damages, including but not limited to loss of credit, damage to reputation, embarrassment, humiliation, anguish, and the other damages set forth herein.

### FIRST CLAIM FOR RELIEF
### VIOLATIONS OF 15 U.S.C § 1666 *et seq.*
### (Against Deserve)

33. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

34. The failure to send the billing statement to Mr. Ziyadi's disclosed address resulted in a "billing error" under 15 U.S.C.A. § 1666(b)(6).

35. Mr. Ziyadi notified Deserve of their billing error in accordance with 15 U.S.C.A. § 1666(a).

36. Under 15 U.S.C.A. § 1666a, Deserve was prohibited from reporting to third parties, including Trans Union, Equifax, and Experian, on Mr. Ziyadi's failure to pay the amount because of the billing error. Nonetheless, Deserve violated this prohibition.

37. As a result, under 15 U.S.C.A. § 1640, Deserve is civilly liable.

### SECOND CLAIM FOR RELIEF
### VIOLATIONS OF 15 U.S.C § 1681s-2(b) *et seq.*
### (Against Deserve)

38. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

39. Deserve's failure to send the billing statement to Mr. Ziyadi's disclosed address resulted in a "billing error" under 15 U.S.C.A. § 1666(b)(6).

40. Deserve knew that it furnished information that was inaccurate, thereby violating 15 U.S.C.A. § 1681s-2 (a)(1)(B)(2).

41. Deserve did not notify the consumer report agencies of its error, violating 15

U.S.C.A. § 1681s-2 (a)(2).

42. These violations of §1681s-2 were willful; thereby, Defendant Deserve is liable for actual damages, statutory damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

43. In the alternative, Deserve was negligent, entitling Plaintiffs to recover actual damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

### THIRD CLAIM FOR RELIEF
### BREACH OF CONTRACT
### (Against Deserve)

44. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

45. When Deserve provided Mr. Ziyadi with a credit card, they entered into a contractual agreement.

46. One of Deserve's obligations under the contract is to send billing statements to Mr. Ziyadi.

47. Deserve breached the contract as it has not sent the billing statements to Mr. Ziyadi's address.

### FOURTH CLAIM FOR RELIEF
### VIOLATIONS OF FCRA § 1681e(b) and 1681i
### (Against Trans Union, Equifax, and Experian)

48. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

49. Trans Union, Equifax, and Experian violated multiple sections of U.S.C. §1681i by their acts and omissions, including, but not limited to:

   a. failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information

      or delete the item from Plaintiffs' credit file in violation of § 1681i(a)(1);

  b. by failing to review and consider all relevant information submitted by Plaintiffs in violation of § 1681i(a)(4); and

  c. by failing to properly delete the disputed inaccurate items of information from Plaintiffs' credit files or modify item of information upon a lawful reinvestigation in violation of § 1681i(a)(5).

50. Trans Union, Equifax, and Experian violated 15 U.S.C. § 1681e(b) by their conduct, acts, and omissions, including but not limited to failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiffs in the preparation of their credit reports and credit files that they published and maintained.

**WHEREFORE**, Plaintiffs seek judgment in Plaintiffs' favor and judgment against Defendants:

  a. awarding Plaintiffs actual damages, statutory damages, punitive damages, treble damages, costs, and reasonable attorney's fees as against each Defendant;

  b. ordering Defendants to immediately delete all inaccurate information from Plaintiffs' credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information, and to send updated and corrected credit report information to all persons and entities to whom they have reported inaccurate information about the Plaintiffs; and

  c. such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a trial by jury as to all issues so triable.

Dated: April 17, 2024

*/s/ Martin Bienstock*
Martin Bienstock
Bienstock PLLC
10770 Columbia Pike
Silver Spring, MD 20901
T: (301) 456-0412
E: mbienstock@bienstockpllc.com
