**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|   |   |
|---|---|
| YOUSEF ZIYADI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 24-cv-01134-LKG |
| v. ) | |
| ) | Dated: July 9, 2025 |
| DESERVE INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION**

## I.   INTRODUCTION

This civil action involves a dispute arising from a consumer credit account opened by the Plaintiff, Yousef Ziyadi, with Defendant Deserve, Inc. ("Deserve"), and the subsequent reporting of that account by Defendants Trans Union, LLC ("Trans Union"), Equifax Information Services, LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian") (collectively, the Credit Reporting Agency Defendants"). *See generally* ECF No. 1. The Credit Reporting Agency Defendants have filed a joint motion for judgment on the pleadings, pursuant to Fed R. Civ. P. 12(c). ECF Nos. 42 and 42-1. The motion is fully briefed. ECF Nos. 42, 45 and 46. No hearing is necessary to resolve the motion. L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court: (1) **GRANTS** the Credit Reporting Agency Defendants' joint motion for judgment on the pleadings (ECF No. 42); and (2) **DISMISSES** the Plaintiff's Fair Credit Reporting Act claims against the Credit Reporting Agency Defendants set forth in Count IV of the complaint.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

### A. Factual Background

In this civil action, Plaintiff Yousef Ziyadi alleges that he is the victim of certain unlawful credit practices related to his credit agreement with Defendant Deserve and Deserve's reporting of allegedly erroneous credit information to the Credit Reporting Agency Defendants. *See generally* ECF No. 1.  In the complaint, the Plaintiff asserts the following claims against the Defendants: (1) Violation of the Truth in Lending Act (the "TILA"), 15 U.S.C. §§ 1666, *et seq.*, against Deserve (Count I); (2) Violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681s–2(b), *et seq.*, against Deserve (Count II); (3) Breach of Contract against Deserve (Count III); and (4) Violation of the FCRA, 15 U.S.C. §§ 1681e(b) and 1681i, against the Credit Reporting Agency Defendants (Count IV).  *Id.*  As relief, the Plaintiff seeks, among other things, certain injunctive relief and to recover monetary damages, punitive damages, attorneys' fees and costs from the Defendants.  *Id.* at Prayer for Relief.

<u>The Parties</u>

Plaintiff Yousef Ziyadi is a resident of the State of Maryland.  *Id.* at ¶¶ 10-11.

Defendant Deserve Inc. is a California corporation that is authorized to do business in Maryland.  *Id.* at ¶ 16.

Defendant Trans Union is a Delaware limited liability company that is authorized to do business in Maryland.  *Id.* at ¶ 12.  Trans Union is a "consumer reporting agency" under the FCRA.  *Id.* at ¶ 15.

Defendant Equifax is a Georgia limited liability company that is authorized to do business in Maryland.  *Id.* at ¶ 13.  Equifax is a "consumer reporting agency" under the FCRA. *Id.* at ¶ 15.

Defendant Experian is an Irish limited liability company that is authorized to do business in Maryland.  *Id.* at ¶14.  Equifax is a "consumer reporting agency" under the FCRA.  *Id.* at ¶ 15.

---

[1] The facts recited in this memorandum opinion are derived from the complaint and the Credit Reporting Agency Defendant's joint motion for judgement on the pleadings, and memorandum in support thereof. ECF Nos. 1, 42 and 42-1.

Background

As background, the Plaintiff opened a credit card account with Deserve in 2019, using his Maryland address. *Id.* at ¶ 18. In July 2022, the Plaintiff moved to Pennsylvania for law school. *Id.* at ¶ 19.

The Plaintiff alleges that he updated his billing address accordingly, but he was unable to access his online account, or to receive billing statements at either his Maryland or Pennsylvania address. *Id.* at ¶¶ 19-20. In this regard, the Plaintiff alleges that Deserve's phone system failed to recognize him as a customer, which prevented him from making payments on his account. *Id.* at ¶ 21. The Plaintiff further alleges that he spoke with an agent for Deserve, who informed him that Deserve could not locate any record of his payment attempts. *Id.* at ¶¶ 22-23. But the Plaintiff alleges that the agent, subsequently, acknowledged that Deserve had entered the Plaintiff's new address into its billing system incorrectly, due to a clerical error. *Id.* at ¶ 25.

On April 10, 2023, the Plaintiff filed a complaint with the Better Business Bureau regarding his experience with Deserve. *Id.* at ¶ 26. The Plaintiff alleges that Deserve retaliated against him for filing this complaint by discharging his account. *Id.* at ¶ 27. And so, the Plaintiff's credit reports reflect that his account was closed due to non-payment. *Id.*

On July 25, 2023, the Plaintiff notified the Credit Reporting Agency Defendants of this dispute, and he requested that these Defendants correct his credit score. *Id.* at ¶ 29. But the Plaintiff alleges that "no investigation of the dispute has been conducted, and his request has been dismissed." *Id.*

The Plaintiff contends that that his credit score "plummeted" and that he was denied financing, due to the errors on his credit report. *Id*. at ¶ 30. The Plaintiff also contends that the negative credit reports from the Credit Reporting Agency Defendants "will have a significant impact on his prospects of finding employment in the legal field and even hinder his chances of being admitted to the bar." *Id.* at ¶ 31. And so, the Plaintiff requests that, among other things, the Court order the Defendants to delete all inaccurate information from his credit reports and award him monetary damages, punitive damages, attorneys' fees and costs. *Id.* at Prayer for Relief.

### B. Procedural Background

The Plaintiff filed the complaint on April 18, 2024. ECF No. 1. Defendant Equifax answered the complaint on June 27, 2024. ECF No. 29. Defendant Deserve answered the complaint on July 3, 2024. ECF No. 31.

On January 17, 2025, the Credit Reporting Agency Defendants filed a joint motion for judgement on the pleadings, pursuant to Fed. R. Civ. P. 12(c), and a memorandum in support thereof. ECF Nos. 42 and 42-1.

On February 7, 2025, the Plaintiff filed a response in opposition to the Credit Reporting Agency Defendants' joint motion for judgement on the pleadings. ECF No. 45. On February 21, 2025, the Credit Reporting Agency Defendants filed a reply brief. ECF No. 46.

The Credit Reporting Agency Defendants' motion for judgment on the pleadings having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(c)

A party may move for judgment on the pleadings under Fed. R. Civ. P. 12(c) upon the grounds that the complaint fails to state a claim upon which relief can be granted. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). The Court applies "the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6)." *Id.*

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if

"it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

### B. The FCRA

Congress enacted the FCRA to ensure "fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). The FCRA regulates how credit reporting agencies ("CRAs") collect and transmit credit-related information to ensure accuracy, and it allows consumers to challenge entries they believe are inaccurate or incomplete. *See Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 414-15 (4th Cir. 2001); 15 U.S.C. § 1681i. In addition to regulating CRAs, the FCRA imposes duties on "furnishers of information" and prohibits any person from providing information to a CRA that they know is inaccurate. *See Saunders v. Branch Banking & Tr. Co. of Va.*, 526 F.3d 142, 147-48 (4th Cir. 2008) (citing 15 U.S.C. § 1681s–2(a)).

To state a claim under Section 1681e of the FCRA, a plaintiff must show that: "(1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy." *Dalton*, 257 F.3d at 415. In this regard, this Court has held that a CRA may initially rely on reputable sources under Section 1681e(b) of the FCRA, but Section 1681i of the FCRA sets forth specific procedures for reinvestigating disputed entries once a CRA is notified of a potential inaccuracy. *See Thomas v. Mercedes Benz Credit Corp.*, No. AW-04-976, 2006 WL 8457059, at *5 (D. Md. June 27, 2006). Whether a reinvestigation is reasonable is generally a question for the factfinder, though summary judgment is appropriate where the plaintiff has failed to present evidence that the reinvestigation was deficient. *See id.*

The FCRA does not define a "reasonable reinvestigation," but the United States Court of Appeals for the Fourth Circuit has explained that reasonableness is assessed based upon weighing the cost of verifying accuracy against the harm of reporting inaccurate information. *See Johnson v. MBNA Am. Bank, N.A.*, 357 F.3d 426, 432 (4th Cir. 2004). Courts also distinguish factual inaccuracies—which may support a claim under the FCRA—from legal disputes over the validity of a debt, which do not state a claim under the statute. *See Jones v. City Plaza, LLC*, No. 1:19CV924, 2020 WL 2062325, at *4 (M.D.N.C. Apr. 29, 2020); *Dalton*, 257 F.3d at 415 (holding that to succeed on an FCRA claim under § 1681e, a plaintiff must show

both that "(1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy"). The Fourth Circuit has held that legal disputes over a debt's validity do not support claims under § 1681e of the FCRA, because they risk turning credit reporting cases into indirect challenges against CRAs who are not parties to the lawsuit. *See Saunders*, 526 F.3d at 150. And so, courts are reluctant to allow consumers to challenge legal validity of their debts through FCRA reinvestigation claims. *See Jones*, 2020 WL 2062325, at *4 (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010) (citing *Saunders*, 526 F.3d at 150).

IV.    ANALYSIS

The Credit Reporting Agency Defendants have jointly moved for judgment on the pleadings in this matter, pursuant to Fed. R. Civ. P. 12(c), upon the grounds that: (1) the Plaintiff fails to state a plausible FRCA claim, because the complaint lacks factual allegations to show a factual inaccuracy in their credit reporting and (2) the legal dispute between the Plaintiff and Deserve cannot give rise to a plausible claim against the Credit Reporting Agency Defendants under the FCRA. *See generally* ECF No. 42-1. And so, the Credit Reporting Agency Defendants request that the Court dismiss the Plaintiff's FCRA claims against them with prejudice and award them attorneys' fees and costs. *Id*. at 8.

The Plaintiff counters that the Court should not dismiss his FCRA claims against the Credit Reporting Agency Defendants, because: (1) he alleges a plausible FCRA reinvestigation claim in the complaint; (2) the Credit Reporting Agency Defendants' reporting was inaccurate; and (3) the Credit Reporting Agency Defendants failed to conduct a reasonable investigation into his claims. ECF No. 45 at 3-10. And so, the Plaintiff requests that the Court deny the Credit Reporting Agency Defendants' motion. *Id.* at 10. The Plaintiff do not substantively address their claim for a attorneys' fees and costs in their motion to dismiss. *See generally* ECF No. 42-1.

For the reasons set forth below, a careful reading of the complaint shows that the Plaintiff has not alleged sufficient facts to establish an actionable inaccuracy in his credit reports to state claims against the Credit Reporting Agency Defendants under the FCRA. The Credit Reporting Agency Defendants also persuasively argue that this case involves a legal dispute between the Plaintiff and Deserve, regarding the legal viability of a debt, that is not actionable under the FCRA. And so, the Court: (1) GRANTS the Credit Reporting Agency Defendants' joint motion

6

for judgement on the pleadings (ECF No. 42); and (2) DISMISSES the Plaintiff's FCRA Claims against the Credit Reporting Agency Defendants in Count IV of the complaint.

### A. The Plaintiff Fails To State A Plausible FCRA Claim Against The Credit Reporting Agency Defendants

As an initial matter, a careful reading of the complaint shows that the Plaintiff has not alleged an actual inaccuracy in his credit report to support his FCRA claims against the Credit Reporting Agency Defendants. To state a plausible FCRA claim, the Plaintiff must allege facts to show a factual inaccuracy in his credit report, rather than a legal dispute over the validity of the debt. *Alston v. Equifax Info. Services, LLC,* No. CV TDC-15-3343, 2016 WL 5349716 at *2 (D. Md. Sept. 22, 2016); *Dalton*, 257 F.3d at 415. Specifically, the Plaintiff must allege facts to show: (1) the consumer report contained inaccurate information and (2) the reporting agency failed to follow reasonable procedures to assure maximum possible accuracy. *Dalton*, 257 F.3d at 415.

In this regard, the Fourth Circuit has held that a credit report is "inaccurate" not only when it is patently incorrect, but also when it is materially misleading—meaning it can reasonably be expected to have an adverse effect. *Id.* at 415-16 (quoting *Sepulvado v. CSC Credit Servs.*, 158 F.3d 890, 895 (5th Cir. 1998)). Courts have, however, consistently rejected FCRA claims based solely upon a legal dispute about the validity or enforceability of the underlying debt that is reported in a credit report. *See, e.g.*, *Saunders*, 526 F.3d at 150.

In this case, the factual allegations in the complaint, taken as true, do not show an actual inaccuracy in the Plaintiff's credit report. Notably, the complaint makes clear that the Plaintiff's credit reports accurately reflect that he missed several payments on his account with Deserve. ECF No. 1 at ¶¶ 18-32. The Plaintiff also does not allege that the information about his account with Deserve—such as account balances and account status—was factually incorrect. *See id.* Given this, the complaint fails to establish an actionable factual inaccuracy in the Plaintiff's credit reports.

The Plaintiff's argument that he states a plausible FCRA claim against the Credit Reporting Agency Defendants, because this credit reporting was misleading, is also not convincing. ECF No. 45 at 3. This Court and the Fourth Circuit have rejected such arguments, where the information reported in the credit report was accurate. *See Wilcox v. Servis One, Inc.*, No. CV RDB-19-2535, 2020 WL 4903893 at *4-5 (D. Md. Aug. 19, 2020) (the Court dismissed

the plaintiff's FCRA claims—§§ 1681e(b) and 1681i—with prejudice because the allegations concerned a legal dispute over debt owed under a settlement agreement, not a factual inaccuracy in the credit report); *see also Jianqing Wu v. Trans Union*, No. CIVA AW-03-1290, 2006 WL 4729755 (D. Md. May 2, 2006), (the plaintiff brought claims under §§ 1681e(b) and 1681i challenging late-payment notations he admitted were accurate but argued were unfair due to hardship agreements and timing issues, and the court granted summary judgment for Equifax, finding no actionable inaccuracy under the FCRA), *aff'd sub nom. Jianqing Wu v. Equifax*, 219 Fed. Appx. 320 (4th Cir. 2007) (unpublished).[2]

The complaint also makes clear that this case, at bottom, involves a legal dispute between the Plaintiff and Deserve over a debt owed and that such a claim is not actionable against the Credit Reporting Defendants under the FCRA. A "legal dispute" under the FCRA arises when the alleged inaccuracy does not stem from incorrect factual information, but from a disagreement over the legal validity or implications of those facts—such as whether the consumer is actually liable for the debt. *Wilcox*, 2020 WL 4903893, at *3-4; *Letren v. Trans Union, LLC,* No. CV PX 15-3361, 2017 WL 445237, at *5 (D. Md. Feb. 2, 2017). That is precisely the circumstance alleged in the complaint. The Plaintiff does not allege that the credit report contains any factual inaccuracies. ECF No. 45 at 4. Rather, he disputes the validity of the debt, based upon an alleged billing error by his creditor. *Id.*

As this Court and the Fourth Circuit have consistently held, CRAs have no obligation to resolve such legal disputes between a consumer and a creditor. *See Wu*, 2006 WL 4729755, at *8 (FCRA does not require CRAs to mediate all disputes between creditors and their clients); *see also Saunders*, 526 F.3d at 150 (claims based on legal disputes raise concerns about collateral attacks, as CRAs are not parties to the underlying obligation); *see also Wilcox*, 2020 WL 4903893, at *3-4; *Letren*, 2017 WL 445237, at *5; *Alston*, 2016 WL 5349716, at *10 (CRAs are not tribunals and are not required to adjudicate legal disputes between consumers and creditors). Given this, the FCRA does not impose a duty on the Credit Reporting Agency Defendants to

---

[2] The Plaintiff's reliance on *Saunders* is also misplaced. ECF No. 45 at 4; *see also Saunders*, 526 F.3d. at 150. While that case held that a credit report may be inaccurate, if it is materially misleading, *Saunders* concerned a furnisher's duty under Section 1681s–2 of the FCRA, rather than a CRAs' duty under Section 1681e(b). *See id.*

resolve this dispute. *Wu*, 2006 WL 4729755, at *8; *Wilcox*, 2020 WL 4903893, at *3-4; *Letren*, 2017 WL 445237, at *5. For these reasons, the Court: (1) GRANTS the Credit Reporting Defendants' motion for judgment on the pleadings with regards to this claim and (2) DISMISSES the Plaintiff FCRA claims against the Credit Reporting Agency Defendants set forth in Count IV of the complaint.

## V. CONCLUSION

In sum, the Plaintiff fails to state a plausible FCRA claim against the Credit Reporting Agency Defendants in the complaint. And so, for the foregoing reasons, the Court:

(1) **GRANTS** the Credit Reporting Agency Defendant's joint motion for judgment on the pleadings (ECF No. 42); and

(2) **DISMISSES** the Plaintiff's FCRA claim against the Credit Reporting Agency Defendants set forth in Count IV of the complaint.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge